1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   LOUIS PERRY; DEYETTE PERRY; PAUL          CASE NO. 09cv0794 JM(CAB)
     TULLIUS; and AUSTIN 620 LP,
12                                             ORDER GRANTING MOTION TO
                                  Plaintiffs,  DISMISS FOR LACK OF
13        vs.                                  PERSONAL JURISDICTION;
                                               GRANTING JOINT MOTION TO
14   STEPHEN V. LYONS; ANTHONY C.              TRANSFER VENUE
     GOODALL; PRUDENTIAL OWENS
15   REALTY; and BBVA COMPASS
16                                Defendants.
17

18        Defendant Prudential Texas Realty ("Prudential"), erroneously sued as Prudential

19   Owens Realty, moves to dismiss the complaint for lack of personal jurisdiction pursuant

20   to Fed.R.Civ.P. 12(b)(2). Defendant Anthony Goodall separately moves to dismiss the

21   complaint for lack of personal jurisdiction or, alternatively, for a convenience venue

22   transfer to the Western District of Texas, Austin Division. Plaintiffs oppose these

23   motions in whole or in part. Defendant Stephen V. Lyons has yet to appear in this

24   action. The only other Defendant, BBVA Compass Bank ("Compass Bank"), has

25   stipulated with Plaintiffs and Defendant Goodall to transfer the action to the Western

26   District of Texas, Austin Division. Pursuant to Local Rule 7.1(d)(1), the court finds the

27   matters raised appropriate for decision without oral argument. For the reasons set forth

28   below, the court grants Defendant Prudential's motion to dismiss for lack of personal

jurisdiction and grants the joint motion of  Plaintiffs and Defendants Goodall and Compass Bank to transfer the action to the Western District of Texas, Austin Division.

**BACKGROUND**

On April 16, 2009 Plaintiffs commenced this federal question action alleging four claims for violation of RICO, securities fraud, fraud and deceit, and negligent supervision.  Plaintiffs Louis and Deyette Perry are citizens of the State of Oregon, Paul Tullius a citizen of California, and Austin 620 LP a citizen of the State of Texas. Plaintiffs Louis and Deyette Perry and Paul Tullius are members of the Austin 620 LP limited partnership.  (Compl. ¶8).  Defendants Lyons, Goodall, and Prudential are citizens of Texas and Compass Bank maintains its principal place of business in Alabama and operates offices throughout the State of Texas.  (Id. ¶11).

In the summer of 2005, Defendant Lyons, aided by Goodall, allegedly caused advertisements to be placed in newspapers in California, Oregon, Arizona and Nevada seeking potential investors for the purchase of 10.7 acres of real property located in Austin, Texas. (Compl. ¶16).  Defendant Lyons allegedly provided potential investors with an appraisal of the property indicating a value of $5.8 million for the property.  Id. Defendant Goodall, an attorney licensed to practice law in the State of Texas, allegedly prepared the partnership documents for Austin 620.  Id.  Armed with the appraisal, Plaintiffs allege that Defendant Lyons obtained a $2.0 million loan from Compass Bank to finance the bulk of the $2.8 million purchase price.  Id.

Plaintiffs allege that Compass Bank knew or should have known that the $5.8 million "appraisal was bogus but made a 'liars loan' anyway." (Compl. ¶17). Plaintiffs allege that Defendants engaged in a pattern of lending transactions similar to the transaction described herein in order "to deceive unsophisticated persons into financing Lyons' and Goodall's lifesyle which included private jets and extravagant trips." (Compl. ¶18).  Plaintiffs further allege that Defendants knew that the true value of property was only $1.5 million but, in an effort to raise more money from investors, provided a new appraisal showing the land to be worth $11 million.  (Compl. ¶21).

09cv0794

In or around 2007 Plaintiffs allege that they began to discover that Defendants Lyons and Goodall had not been truthful in representing the terms of the Compass Bank loan.  During this same period of time, Defendants "extracted personal guarantees from" Defendants.  (Compl. ¶23).  The loan is now in foreclosure and Austin 620 LP has filed for bankruptcy protection.

## DISCUSSION

**Personal Jurisdiction**

Defendant Prudential argues that the court lacks personal jurisdiction and therefore this action must be dismissed.  The court may "exercise personal jurisdiction over a non-resident if jurisdiction is proper under California's long-arm statute and if that exercise accords with federal constitutional due process principles." Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996).  As the Ninth Circuit has explained:

> California's long-arm statute authorizes the court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution. Cal.Code Civ. Proc. § 410.10. The statutory and constitutional requirements therefore merge into a single due process test.

Id. at 893.  "Due process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Where the court does not conduct an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction.  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

There are two types of personal jurisdiction: general and specific.  "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299 (9th Cir.1986).  Specific jurisdiction allows the court to exercise jurisdiction over

1    a defendant whose forum-related acts gave rise to the action before the court.

2         On a motion to dismiss for lack of personal jurisdiction, the party seeking to

3    invoke the court's jurisdiction bears the burden of establishing contacts by the non-

4    resident defendant sufficient to establish personal jurisdiction.  WNS, Inc. v. Farrow,

5    884 F.2d 200, 203 (9th Cir. 1989).

> [O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

9    Id.  If the matter proceeds to trial, plaintiff must prove the jurisdictional facts by a

10   preponderance of the evidence.  Id.

11        General jurisdiction

12        A plaintiff attempting to demonstrate general jurisdiction has a "heavy burden."

13   Fields, 796 F.2d at 305.  Here, Plaintiff simply fails to identify any circumstance giving

14   rise to a plausible claim to general jurisdiction.  Plaintiff does not identify any

15   systematic and continuous contacts with the State of California.  Accordingly, the court

16   concludes that the court lacks general jurisdiction over Prudential.

17        Specific jurisdiction

18        The Ninth Circuit has a three-part test to determine whether specific personal

19   jurisdiction comports with due process: "(1) the defendant must have done some act

20   purposely to avail himself of the privilege of conducting activities in the forum;  (2) the

21   claim must arise out of the defendant's forum-related activities;  and (3) the exercise of

22   jurisdiction must be reasonable."  Sedgwick, 796 F.2d at 302.  Where the defendant

23   presents "a compelling case that jurisdiction would be unreasonable," there is no need

24   to address the first two prongs of the test.  Id. at 302.  On the other hand,  "[o]nce

25   purposeful availment has been established, the forum's exercise of jurisdiction is

26   presumptively reasonable.  To rebut that presumption, a defendant must present a

27   compelling case that the exercise of jurisdiction would, in fact, be unreasonable."  Roth

28   v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir.1991).  The purposeful availment

prong prevents defendants from being haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts.  Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995).

In analyzing specific jurisdiction, it is important to distinguish contract from tort cases.  In tort cases, the purposeful availment prong may be satisfied "if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state."  Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).  See also Calder v. Jones, 465 U.S. 783 (1984) (a defendant must reasonably anticipate being haled into court where the defendant's intentional and allegedly tortious acts are expressly aimed at forum state).  Here, the Complaint alleges several tort causes of action including fraud, deceit, and negligent supervision.  See Diediker v. Peelle Financial Corp., 60 Cal.App.4th (1997).

Under the three prong purposeful availment test in tort cases, specific jurisdiction requires "(1) an intentional action, (2) aimed at the forum state; and (3) that causes harm that the defendant should have anticipated would be suffered in the forum state."  Ziegler, 64 F.3d at 474.  Here, Plaintiffs fail to establish a prima facie case of purposeful availment.  In its opposition to the motion, Plaintiffs fail to identify any facts supporting the exercise of personal jurisdiction.  Plaintiffs argue that Prudential concedes that Texas is a more convenient forum because Prudential solely does business within the State of Texas, has its principal place of business in Austin, each defendant resides in Texas, the real property is located in Texas, and many witnesses reside in Texas.  (Oppo. p. 2:6-17).  These identified facts, while pertinent to a motion to transfer venue, fail to support the purposeful availment prong required for the constitutional exercise of personal jurisdiction.  Even looking to the complaint's allegations, Plaintiffs allege that Defendant Lyons represented that he was employed by Prudential and that he "contacted plaintiffs across the country and others who eventually became limited partners" and "placed advertisements in California newspapers."  (Compl. ¶15).  Plaintiffs fail to allege that the California Plaintiffs

1  responded to the advertisements (the nature of which is not disclosed in the Complaint),

2  Prudential was involved in the dissemination of the advertisements, and that these

3  advertisements caused Plaintiffs any harm.

4        Finally, the court considers the following factors to determine the reasonableness

5  of the district court's exercise of personal jurisdiction.

6        (1) the extent of defendant's purposeful interjection into the forum state's affairs;

7        (2) the burden on defendant of defending in the forum;

8        (3) the extent of conflict with the sovereign of the defendant's state;

9        (4) the forum state's interest in adjudicating the dispute;

10        (5) the most efficient judicial resolution of the controversy;

11        (6) the importance of the forum to plaintiff's interest in convenient and effective

12  relief; and

13        (7) the existence of an alternative forum.

14  See Terrecom, 49 F.3d at 561.  The court balances all factors, recognizing that none of

15  the factors is dispositive in itself.  Id.  Here, the exercise of personal jurisdiction is not

16  reasonable.  Defendants' interjection into the affairs of California are minimal, the

17  burden on Defendants (and the Texas and Oregon citizen Plaintiffs) is great as all

18  parties recognize that virtually all witnesses, the real property at issue, and pertinent

19  evidence is located in the State of Texas.  Further, California appears to have little

20  interest in the dispute as the property at issue is located in Austin, Texas and the present

21  forum does not appear important to Plaintiff's interests in convenience leading to

22  resolution of the dispute.

23        In sum, the court grants Prudential's motion to dismiss for lack of personal

24  jurisdiction.

25  **Motion to Transfer Venue**

26        The court grants the joint motion of Plaintiffs and Defendants Goodall and

27  BBVA Compass Bank to transfer this action to the Western District of Texas, Austin

28  Division.  Upon consideration of the convenience of parties, convenience of witnesses,

and in the interests of justice, the court grants the convenience transfer under 28 U.S.C. §1404(a).  The court notes that in the ordinary course the court considers whether venue is appropriate at the time of filing.  However, since the only party objecting to a convenience transfer, Defendant Prudential, is no longer a party to this action, the court need not limit its consideration to the facts as they existed at the time of filing this action.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 819 (3d Cir. 1982).

In sum, the court grants Defendant Prudential's motion to dismiss for lack of subject matter jurisdiction, grants the parties' joint motion to transfer venue, and instructs the Clerk of Court to transfer this action to the Western District of Texas, Austin Division.

**IT IS SO ORDERED.**

DATED:  September 22, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties